UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| TRAVIS H., )<br>)<br>   Plaintiff                    )<br>)<br>v.                                  )<br>)<br>ANDREW M. SAUL, Commissioner of  )<br>Social Security,                    )<br>)<br>   Defendant           )| 1:19-cv-00374-NT |

**ORDER ON MOTION
TO AMEND COMPLAINT AND MOTION TO STRIKE**

This is an action for judicial review pursuant to 42 U.S.C. § 405(g) of a final administrative decision by Defendant Saul, the Social Security Administration Commissioner, denying Plaintiff's application for supplemental security income benefits under Title XVI of the Social Security Act. The matter is before the Court on Plaintiff's Motion to Amend his complaint (ECF No. 17), and Defendant's Motion to Strike Plaintiff's Amended Complaint. (ECF No. 20.)

Following a review of the record and after consideration of the parties' arguments, the Court denies Plaintiff's motion and grants Defendant's motion.

**BACKGROUND**

Plaintiff applied for disability insurance benefits and supplemental security income benefits on May 9, 2017. (R. 216-22, 223-31.) On May 14, 2017, the Social Security Administration notified him that he did not qualify for disability insurance benefits. (R. 125-28.) His application for supplemental security income benefits was also denied

initially and upon reconsideration. (R. 96-108, 110-23.) Plaintiff requested a hearing before an Administrative Law Judge (ALJ). (R. 141-43, 47-77.) The ALJ issued an unfavorable decision on February 21, 2019, which became Defendant's final decision upon the denial of Plaintiff's appeal by the Appeals Council. (R. 21-46.)

Plaintiff filed the present action on August 15, 2019. (Complaint, ECF No. 1.) On February 27, 2020, Defendant notified Plaintiff that Plaintiff's subsequent application for SSI disability benefits had been granted. (ECF 17-1.) Plaintiff was determined to be disabled as of August 2019. (*Id.*)

Plaintiff moves to amend the prayer for relief in his complaint pursuant to Federal Rule of Civil Procedure 15(d), to specify that he seeks "entry of a judgment for such relief as may be proper, with regard solely to the period from May 1, 2017, to July 31, 2019." (Motion at 1.)

## DISCUSSION

**A. Motion to Amend**

Rule 15(d) provides

> [u]pon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented. Permission may be granted even though the original pleading is defective in its statements of a claim for relief or defense. If the court deems it advisable that the adverse party plead to the supplemental pleading, it shall so order, specifying the time therefor.

Fed. R. Civ. P. 15(d). The "'discretion exercised by the court in deciding whether to grant leave to amend is similar to that exercised on a motion for leave to file a supplemental

pleading.'" *Ericson v. Magnusson*, No. 2:12–cv–00178–JAW, 2013 WL 395119, at *3 (quoting 6A CHARLES ALAN WRIGHT, ARTHUR A. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1504, at 256 (3d ed. 2010)). An application for leave to file a supplemental pleading should be freely granted unless it would cause undue delay or trial inconvenience, prejudice the rights of any of the other parties to the action, or would be futile. *U.S. ex rel. Gadbois v. PharMerica Corp.*, 809 F.3d 1, 7 (1st Cir. 2015).

Defendant opposes Plaintiff's motion based on the futility of the proposed amendment. A "futile" amendment is one that "would fail to state a claim upon which relief could be granted." *Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996). In other words, "if the proposed amendment would be futile because, as thus amended, the complaint still fails to state a claim, the district court acts within its discretion in denying the motion to amend." *Boston & Me. Corp. v. Hampton,* 987 F.2d 855, 868 (1st Cir. 1993). Defendant contends that amendment of Plaintiff's complaint is improper because Plaintiff "seeks judicial review and/or relief for an unadjudicated period after the ALJ decision date of February 21, 2019, through July 31, 2019." (Opposition, ECF No. 19, at 2.)

Plaintiff maintains the amendment is appropriate and necessary in order to limit the scope of review on remand if he prevails on his claim before this Court. Plaintiff contends that federal courts have the power to limit the scope of review on remand by specifying actions to be taken by the ALJ. *See, e.g., Sullivan v. Hudson,* 490 U.S. 877 (1989); *Steele v. Astrue*, No. 2:09–cv–548–DBH, 2011 WL 4635136, at *1 (D. Me. Oct. 5, 2011), *report*

3

*and recommendation adopted*, 2011 WL 5069403 (D. Me. Oct. 25, 2011) (noting the power of the district courts to limit the scope of remand to the SSA).  Although Defendant's regulations provide that when a federal court remands a case to the commissioner for further consideration, "[a]ny issues relating to [the] claim may be considered by the administrative law judge whether or not they were raised in the 'administrative proceedings leading to the final decision in your case," 20 C.F.R. § 416.1483, "'it is well established that district courts have the power to limit the scope of remand in this kind of case and that the [Social Security Administration]—notwithstanding its regulations—must abide by the court's limiting instructions.'"  *Steele*, 2011 WL 4635136, at *1 (quoting *Warner v. Astrue*, Civil No. 09-cv-324-JL, 2010 WL 22666874, at *1 (D.N.H. June 3, 2010) (citation and internal quotation marks omitted)).  *See also, e.g., Dishman v. Colvin*, No. 2:16-cv-00082-JAW, 2017 WL 238419, at *1 (D. Me. Jan. 19, 2017); *Healy v. Berryhill*, 266 F. Supp. 3d 477, 478-89 (D. Mass. 2017) (collecting cases).

While Plaintiff's concern is understandable, the only decision at issue in this appeal is the ALJ's adverse decision dated February 21, 2019.  The court "has no jurisdiction to pronounce judgment affecting a later application for benefits," and thus no jurisdiction over any action taken by Defendant after February 21, 2019.  *Dishman*, 2017 WL 238419, at *1.  *See* 42 U.S.C. § 1383(c)(3) ("final determination" of Commissioner "shall be subject to judicial review"); *Melendez v. Colvin*, Civ. No. 15-4719 (KM), 2016 WL 4764819, at *1 (D.N.J. Sept. 12, 2016) ("The ALJ's decision, as modified by the Appeals Council,

constitutes the final decision of the Commissioner."). The requested amendment, therefore, would be futile.[1]

### B. Motion to Strike

Defendant moves to strike the amended complaint filed by Plaintiff (ECF No. 18). A motion to strike a pleading or portions of a pleading is appropriate only for content that is "redundant, immaterial, impertinent, [or] scandalous." Fed. R. Civ. P. 12(f); *see Boreri v. Fiat S.p.A.*, 763 F.2d 17, 23 (1st Cir. 1985). Motions to strike are "disfavored in practice, and not calculated readily to invoke the court's discretion." *Boreri*, 763 F.2d at 23. "In general, a motion to strike should be denied unless it is clear that the challenged matter can have no possible bearing on the subject matter of the litigation." *McLaughlin v. RCC Atlantic, Inc.*, 269 F.R.D. 56, 57–58 (D. Me. 2010) (citations and internal quotation marks omitted). Because the Court has denied the motion to amend, the amended complaint filed on the docket by Plaintiff is not an effective pleading. *See Franchini v. Bangor Publ. Co., Inc.*, No. 1:18-cv-00015-GZS, 2020 WL 1879012, at *4-5 (D. Me. Apr. 15, 2020). To avoid confusion as to the operative pleading and to confirm that the original complaint (ECF No. 1) is the operative pleading, the Court will strike the amended complaint that Plaintiff filed separately on the docket.

---

[1] The Court's conclusion that an amendment is not appropriate because the amended pleading would seek review of and a determination regarding a period of time beyond the date of the final administrative decision that is the subject of this action shall not be construed to limit the Court's ability to define the scope of review upon remand, if the Court determines remand is appropriate.

## CONCLUSION

Based on the foregoing analysis, the Court denies Plaintiff's Motion to Amend (ECF No. 17) and grants Defendant's Motion to Strike Amended Complaint (ECF No. 20). The Court strikes the amended complaint (ECF No. 18.) The case shall proceed on Plaintiff's original complaint (ECF No. 1).

## NOTICE

Any objections to this order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 12th day of June, 2020.